# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4358 | **DATE** | 9/23/2003 |
| **CASE TITLE** | Christina Carpanzano vs. College of DuPage | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss (6-1) is granted in part and denied in part. Plaintiff is given until October 8, 2003 to amend Count 1 against College of DuPage; failure to do so will result in the dismissal of that claim with prejudice. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 24 2003 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | | date mailed notice | |
| | | Date/time-received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 2 4 2003

| | |
|---|---|
| CHRISTINA CARPANZANO, | ) |
| Plaintiff, | ) |
| v. | ) 03 C 4358 |
| | ) Judge George W. Lindberg |
| COLLEGE OF DUPAGE, an Illinois municipal entity, MARY LOU EMAMI, and JOYCE ABEL, individually and in their official capacities as employees of College of DuPage, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 972 (7th Cir. 1995). According to the allegations in the complaint, defendant College of DuPage is a public community college. Defendants Mary Lou Emami ("Emami") and Joyce Abel ("Abel") were employees of the College of DuPage. The College of DuPage hired plaintiff in May 2000 as a program manager for its Center for Corporate Training, in the Business and Professionals Institute.

One of plaintiff's responsibilities in her program manager position was to sell training classes to corporations. Ten dollars was automatically deducted from the gross sale price of each training class sold by plaintiff and others, and placed into the "Team Fund." The money

contributed to the Team Fund was taken out of profits that otherwise would have gone to the College of DuPage. The Team Fund was used to pay for personal items for the clerical staff, including plants, books, gift certificates, and lunches.

Plaintiff was the highest grossing salesperson in the department, and accordingly, her sales contributed the greatest amount to the Team Fund. On June 28, 2002, plaintiff wrote a memorandum to defendants Emami and Abel, stating that she had "professional and ethical problems with the arrangement and usage of this fund," and that she would no longer contribute to it. The Team Fund was discontinued five days later.

According to plaintiff, immediately after she relayed her intention not to contribute to the Team Fund, she began receiving warnings and written disciplinary letters regarding her job performance from Emami and Abel. In addition, members of the office staff refused to do her typing, made degrading comments to her, went through her office (including her personal files), and frequently withheld her mail, telephone messages, and faxes. On January 31, 2003, plaintiff was suspended. The suspension continued until plaintiff was terminated on March 6, 2003.

On June 24, 2003, plaintiff filed this action under 42 U.S.C. § 1983, alleging that defendants retaliated against her for exercising her First Amendment rights under the United States Constitution. The complaint also alleges supplemental state law claims of retaliatory discharge and intentional infliction of emotional distress. Defendants Emami and Abel are sued both in their individual and official capacities.

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839

(7th Cir. 1999). That is, if it is possible to hypothesize a set of facts that would entitle the plaintiff to relief, consistent with the allegations in the complaint, dismissal under Rule 12(b)(6) is inappropriate. Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir. 1995).

Defendants first argue that plaintiff's Section 1983 claim should be dismissed against College of DuPage, because the complaint fails to allege that the deprivation of rights was caused by an employee with final policymaking authority. A municipal entity cannot be held vicariously liable under Section 1983 through the doctrine of *respondeat superior*. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Such an entity can be sued under Section 1983 only if the constitutional injury was caused by a person with "final policymaking authority," or in two other contexts not relevant here.[1] See McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000).

Plaintiff alleges that defendants Emami and Abel, whom she identifies merely as employees of the College of DuPage, issued warnings and disciplinary letters to her. She also alleges that defendants terminated her employment. She does not allege that Emami, Abel, or anyone else who took action against her, was a person with final policymaking authority. Nor can the court infer from the actions alleged that they were taken by a person with final policymaking authority. These allegations are insufficient to put the College of DuPage on notice of the claim against it. See Horwitz v. Board of Educ. of Avoca Sch. Dist. No. 37, 260 F.3d 602, 619 (7th Cir. 2001) (affirming dismissal of Section 1983 claim where district court had stated that "it did not 'even [have] 'bare allegations' from which to string together an argument that the individual

---

[1] Plaintiff does not argue that her alleged constitutional deprivation was authorized by express policy, or through a widespread practice constituting a custom or usage.

3

Defendants enjoyed final decision-making authority.'"); Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 735 (7th Cir. 1994) (stating that "it must first be alleged adequately that a defendant is a final policymaker. Only then can a court proceed to the question of whether the single act or decision of that defendant constituted municipal policy."). Accordingly, plaintiff's Section 1983 claim against the College of DuPage is dismissed, without prejudice.[2]

Next, defendants argue that plaintiff's Section 1983 claim against Emami and Abel in their individual capacities should be dismissed because the complaint does not allege that plaintiff's speech addressed a matter of public interest. To state a claim of retaliation based on a First Amendment violation, "'the facts alleged in the complaint must show that (1) the speech in which the plaintiffs engaged was constitutionally protected under the circumstances, and (2) the defendants retaliated against them because of it.'" Delgado v. Jones, 282 F.3d 511, 516 (7th Cir. 2002) (quoting Gustafson v. Jones, 117 F.3d 1015, 1018 (7th Cir. 1997)). A government employee's speech warrants First Amendment protection if it "'addresses a matter of public concern.'" Id. (quoting Connick v. Myers, 461 U.S. 138, 147 (1982)). To determine whether speech addresses a matter of public concern, the court examines the "content, form, and context" of the speech, focusing on content as the most important factor. Id. at 517.

Exposing the misuse of public funds may be a matter of public concern. See Breuer v. Hart, 909 F.2d 1035, 1039 (7th Cir. 1990) (allegations that sheriff stole county property and allowed employee to fraudulently accept compensation were matters of public concern). Here,

---

[2] The court notes that plaintiff's Section 1983 claim against Emami and Abel in their official capacities is duplicative of her suit against the College of DuPage. See Nebel v. City of Burbank, No. 01 C 6403, 2003 WL 1606087, at *3 (N.D. Ill. Mar. 27, 2003). Accordingly, that portion of the claim also is dismissed.

4

plaintiff alleges that she wrote in a memorandum to Emami and Abel that she had "professional and ethical problems with the arrangement and usage" of the Team Fund. Plaintiff further alleges that the fund was maintained through contributions from profits that otherwise would have gone to the College of DuPage, and that it was used to pay for personal items for the clerical staff. Plaintiff's statement appears to address the public concern of misuse of public funds.

Defendants argue that even if the misuse of public funds may be a matter of public concern, plaintiff made her statement as an expression of a purely private concern. In support of their argument, defendants note that plaintiff labeled her memorandum "confidential," and that she does not allege that she sent the memorandum to anyone else, or complained publicly about the Team Fund. Defendants further note that plaintiff alleges that she was aware of the automatic deduction for the Team Fund when she began working for the College of DuPage, but did not complain about it until she became the highest grossing salesperson in the department, and thus the greatest contributor. Plaintiff responds that the complaint alleges that the money contributed to the fund was taken out of profits that the College of DuPage would have otherwise received, implying that plaintiff had no monetary interest in the money contributed to the fund. Plaintiff also observes that she wrote in her memorandum that she would not contribute to the fund because of ethical problems with the arrangement.

It is true that the public concern element is lacking where the speech "concerns a subject of public interest but the *expression* addresses only the personal effect upon the employee." Cliff v. Bd. of Sch. Comm'rs, 42 F.3d 403, 410 (7th Cir. 1994) (quoting Marshall v. Porter County Plan Comm'n, 32 F.3d 1215, 1219 (7th Cir. 1994)) (emphasis in original). However, given the allegations that plaintiff made her complaint based on ethical concerns, and that the College of

5

DuPage would have otherwise received the money contributed to the Team Fund, dismissal on the ground that plaintiff spoke out of a purely private concern would not be appropriate.

Defendants next argue that even if plaintiff's expression addressed a matter of public concern, her claim should be dismissed because it does not allege sufficient facts to establish that the expression was a substantial factor in her dismissal. Defendants note that plaintiff submitted her memorandum to Emami and Abel on June 28, 2002, but was not terminated until March 6, 2003, "almost eleven months" later.[3] Defendants argue that plaintiff's termination occurred so long after she submitted her memorandum, that the termination could not have been motivated by the speech.

As plaintiff responds, however, her complaint also alleges that she began receiving warnings and disciplinary letters from Emami and Abel immediately after she submitted her memorandum to them, and that she was suspended from her job on January 31, 2003. Taking all the facts alleged in the complaint to be true, and construing all inferences in plaintiff's favor, the court cannot say that plaintiff fails to state a claim against Emami and Abel upon which relief could not be granted.[4] The motion to dismiss plaintiff's Section 1983 claim against Emami and Abel in their individual capacities is denied.

---

[3] By the court's math, this period amounts to just over eight months.

[4] Given this disposition, the court need not address defendants' argument that the College of DuPage is entitled to immunity under the Local Governmental and Governmental Employer Tort Immunity Act on the ground that an employer cannot be held liable for the acts of its employees where such employees themselves cannot be held liable.

6

**ORDERED:** Defendants' motion to dismiss [6-1] is granted in part and denied in part. Plaintiff is given fourteen days from the entry of this order to amend Count I against College of DuPage; failure to do so will result in the dismissal of that claim with prejudice.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: September 23, 2003