# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4358 | **DATE** | 12/5/2003 |
| **CASE TITLE** | Carpanzano vs. College of Dupage | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant's motion to dismiss is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 08 2003 | |
| | Notified counsel by telephone. | date docketed | 25 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | 03 DEC -5 PM 1:30 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 0 8 2003

| | |
|---|---|
| CHRISTINA CARPANZANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 03 C 4358 |
| v. ) | |
| ) | Judge George W. Lindberg |
| COLLEGE OF DUPAGE, an Illinois municipal ) | |
| entity, MARY LOU EMAMI, and JOYCE ABEL, ) | |
| individually and in their official capacities ) | |
| as employees of College of DuPage, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant College of DuPage has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's claims against it. For the reasons stated below, the motion to dismiss is denied.

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 972 (7th Cir. 1995). According to the allegations in the amended complaint, defendant College of DuPage is a public community college. Defendants Mary Lou Emami ("Emami") and Joyce Abel ("Abel") were employees of the College of DuPage. The College of DuPage hired plaintiff in May 2000 as a program manager for its Center for Corporate Training, in the Business and Professionals Institute.

One of plaintiff's responsibilities in her program manager position was to sell training classes to corporations. Ten dollars was automatically deducted from the gross sale price of each training class sold by plaintiff and others, and placed into the "Team Fund." The money



contributed to the Team Fund was taken out of profits that otherwise would have gone to the College of DuPage. The Team Fund was used to pay for personal items for the clerical staff, including plants, books, gift certificates, and lunches.

On June 28, 2002, plaintiff wrote a memorandum to defendants Emami and Abel, stating that she had "professional and ethical problems with the arrangement and usage of this fund," and that she would no longer contribute to it. According to plaintiff, immediately after she relayed her intention not to contribute to the Team Fund, she began receiving warnings and written disciplinary letters regarding her job performance from Emami and Abel. On January 31, 2003, plaintiff was suspended. The suspension continued until plaintiff was terminated on March 6, 2003.

Plaintiff filed this action under 42 U.S.C. § 1983. Plaintiff's amended complaint alleges that defendants retaliated against her for exercising her First Amendment rights under the United States Constitution, and alleges supplemental state law claims of retaliatory discharge and intentional infliction of emotional distress.

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999). That is, if it is possible to hypothesize a set of facts that would entitle the plaintiff to relief, consistent with the allegations in the complaint, dismissal under Rule 12(b)(6) is inappropriate. Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir. 1995).

College of DuPage first argues that plaintiff's Section 1983 claim against it should be dismissed because the amended complaint fails to adequately allege that the deprivation of rights

2

either was authorized through a widespread practice constituting a custom or usage, or caused by an employee with final policymaking authority. A municipal entity cannot be held vicariously liable under Section 1983 through the doctrine of *respondeat superior*. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Such an entity can be sued under Section 1983 only if the constitutional injury was authorized by express policy, authorized through a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or caused by a person with final policymaking authority.[1] See McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000).

There is no heightened pleading requirement in municipal liability cases brought under Section 1983. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); see also Fed. R. Civ. P. 8(a). Plaintiff alleges in her amended complaint that defendants Emami and Abel "possessed or were delegated final policymaking authority over the employees in the Center for Corporate Training." This allegation is sufficient to place College of DuPage on notice of the claim against it.

College of DuPage argues, however, that Emami and Abel could not have possessed or been delegated final policymaking authority under Illinois law. Illinois' Public Community College Act gives the board of any community college district the power to establish policies governing the employment and dismissal of community college personnel. See 110 ILCS 805/3-42. Illinois courts have held that this authority cannot be delegated. See Morgan v. Board of Trustees of Cmty. Coll. Dist. No. 508, No. 98 C 1095, 1999 WL 160369, at *6 (N.D. Ill. Mar. 9,

---

[1] Plaintiff does not claim that her alleged constitutional deprivation was authorized by express policy.

3

1999) (collecting cases). College of DuPage argues that because the community college district board could not lawfully have delegated final policymaking authority to Emami and Abel, plaintiff's Section 1983 claim based on a theory that Emami and Abel had final policymaking authority should be dismissed.

The court disagrees. In Kujawski v. Board of Comm'rs, 183 F.3d 734, 739 n.4 (7th Cir. 1999), the Seventh Circuit observed that a state statute is not necessarily determinative of a delegation issue. Rather, courts "must take into account both state positive law and state custom that has the force of law." Id. Otherwise, a municipality could "avoid its constitutional responsibilities by delegating, in violation of state law, its responsibilities." Id.

Here, unlike in the cases cited by College of DuPage, plaintiff has expressly alleged that final policymaking authority was delegated to Emami and Abel. At this stage, the court cannot say that plaintiff will be able to prove no set of facts showing that Emami and Abel were delegated final policymaking authority. See Nebel v. City of Burbank, No. 01 C 6403, 2003 WL 1606087, at *5-6 (N.D. Ill. Mar. 27, 2003) (rejecting argument that Section 1983 claim should be dismissed based on failure to adequately allege final policymaking authority, where complaint alleged that final policymaking authority had been delegated to defendants).

Nor is the court persuaded by College of DuPage's argument that plaintiff's Section 1983 claim against it should be dismissed because the amended complaint inadequately alleges that College of DuPage maintained a custom and practice of violating employees' First Amendment rights. The amended complaint alleges that "[t]he actions of Emami and Abel, along with other policymaking officials for the College of DuPage, evinces a widespread policy or custom of disciplining and/or terminating employees who speak out on matters of public concern." College

4

of DuPage argues that these allegations are "boilerplate," and as such, are insufficient to state a claim.

If plaintiff had based her allegation of a municipal custom on nothing more than her own experience, the court would agree that she would have failed to state a claim under a custom and practice theory. See Nebel v. City of Burbank, 2003 WL 1606087, at *6 (stating that generally, "a plaintiff's own isolated experiences are not enough to state a claim for municipal liability under a custom and practice theory" and collecting cases). However, here plaintiff has also alleged that the actions of other policymakers evince a widespread custom of disciplining or terminating employees who speak out on matters of public concern. Although College of DuPage argues that plaintiff's inclusion of unnamed "other policymaking officials" is disingenuous and intended to "create an illusion of a widespread policy," when ruling on a motion to dismiss the court must accept the allegations in the complaint as true. See Szumny v. American Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001). Nor does this claim fail because it is alleged in conclusory fashion. See McCormick, 230 F.3d at 325. College of DuPage's motion to dismiss plaintiff's Section 1983 claim against it is denied.

Finally, College of DuPage contends that it is entitled to immunity with respect to plaintiff's state law claims, under Illinois' Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq. Plaintiff's amended complaint alleges that Emami's and Abel's actions "were done with deliberate oppression and were done wilfully or with such gross negligence as to indicate wanton disregard for Plaintiff's rights." Under the Tort Immunity Act, "allegations of wilful and wanton conduct by a public employee are sufficient to state a cause of action against the municipality-employer." Glover v. City of Chicago, 436 N.E.2d

5

623, 630 (Ill. App. Ct. 1st Dist. 1982). College of DuPage's motion to dismiss plaintiff's state law claims against it is denied.

**ORDERED:** College of DuPage's motion to dismiss [20-1] is denied.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: DEC 0 5 2003